UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------
                                            :
HITACHI MEDICAL SYSTEMS                      :
AMERICA, INC.                                :
                                            :       CASE NO. 5:11-CV-847
            Plaintiff,                       :
                                            :
      v.                                     :       OPINION & ORDER
                                            :       [Resolving Doc. Nos. 22 & 28]
OPEN MRI OF NAPLES, INC.,                     :
                                            :
            Defendant.                       :
                                            :
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

       Plaintiff Hitachi Medical Systems America, Inc. (Hitachi) filed this lawsuit against Defendant

Open MRI of Naples, Inc. (Open MRI), asserting that Open MRI breached its contract with Hitachi.

Open MRI then asserted a counterclaim for breach of contract, asserting that Hitachi breached first.

The parties' purportedly fully-integrated agreement, which both Hitachi and Open MRI agree is

generally valid and enforceable,[1/] provided that Hitachi would service one of Open MRI's Hitachi-

made magnetic-resonance-imaging (MRI) machines for a period of five years (from August 2009

until August 2014) in exchange for $72,000 per year, paid in monthly installments.  [Doc. 1-1.]  Such

service included both repairs to the machine as well as "Preventative Maintenance coverage in

_____

       [1/]Open MRI maintains that the liquidated damages provision—providing that "[u]pon the occurrence of any
Event of Default, [Hitachi] may, at any time, declare the unpaid balance for the remaining term of this [agreement] to
be immediately due and payable," [Doc. 1-1]—is an invalid penalty provision.

-1-

Case No. 5:11-CV-847
Gwin, J.

accordance with the Manufacturer's specifications and at the Manufacturer's recommended intervals." *Id.*

Neither party fully performed the agreement.  Open MRI made monthly payments to Hitachi in August and September 2009, then stopped.  [Doc. 23-3, at 57-58.]  Hitachi continued to service the machine "for several months at the end of 2009 and into 2010," *id.* at 111, then, citing Open MRI's nonpayment, also stopped.

Hitachi now moves for summary judgment on its breach-of-contract claim.  *See* [Doc. 22.] Open MRI opposes Hitachi's motion and itself moves for summary judgment on its breach-of-contract counterclaim.  *See* [Doc. 28.]  For the following reasons, the Court denies Hitachi's motion and denies Open MRI's motion.[2]

I.

The Court's first task at summary judgment is to determine whether there remains a "genuine dispute as to any material fact."  Fed. R. Civ. P. 56(a).  If no such dispute exists, the Court "shall grant summary judgment if the movant . . . is entitled to judgment as a matter of law."  *Id.*  If, however, there is a genuine dispute as to any material fact, the Court must deny the motion so that the dispute can be resolved by the finder of fact.

Not every factual dispute will preclude the entry of summary judgment.  Only disputes about facts that are material, *i.e.*, "facts that might affect the outcome of the suit under the governing law," will preclude the entry of judgment.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Furthermore, the factual dispute must be genuine, that is, "the evidence [must be] such that a

---

[2]Hitachi has also asserted a claim for unjust enrichment, but neither party has addressed that claim. Accordingly, the Court won't either.

Case No. 5:11-CV-847
Gwin, J.

reasonable jury could return a verdict for the nonmoving party." *Id.*


II.

In Ohio, a successful breach-of-contract claim establishes four elements:  (1) "existence of a contract"; (2) "performance by the plaintiff"; (3) "breach by the defendant"; and (4) "damage or loss to the plaintiff."  *Siemaszko v. FirstEnergy Nuclear Operating Co.*, 932 N.E.2d 414, 419 (Ohio Ct. App. 2010).

With the exception of the liquidated-damages provision, the parties agree that the contract is valid.  They disagree, however, about what constitutes "Preventative Maintenance coverage in accordance with the Manufacturer's specifications and at the Manufacturer's recommended intervals." [Doc. 1-1.] Open MRI says this means monthly preventative maintenance, while Hitachi says it means only quarterly preventative maintenance.

This dispute is material, that is, its resolution affects the outcome of the case.  If Hitachi was required to provide monthly preventative maintenance, then it breached the agreement (and so excused Open MRI's nonpayment).  If Hitachi was required to provide only quarterly preventative maintenance, then Open MRI breached the agreement (and so excused Hitachi's nonperformance).

Accordingly, the Court need only consider whether the dispute is genuine, that is, whether the evidence is such that a reasonable jury could find for either party.  Because the Court concludes that extrinsic evidence is necessary to resolve the meaning of the agreement, and because the available extrinsic evidence conflicts, the Court cannot grant summary judgment to either party.  *See generally Savedoff v. Access Group, Inc.*, 524 F.3d 754, 763 (6th Cir. 2008) (applying Ohio law).

As an initial matter, the Court observes that the contract purports to be fully integrated.

-3-

Case No. 5:11-CV-847
Gwin, J.

*See* [Doc. 1-1 ("This Service Agreement . . . shall constitute the entire Service Agreement between the parties . . . .").]  Nevertheless, the contract does not set out what constitutes "Preventative Maintenance coverage in accordance with the Manufacturer's specifications and at the Manufacturer's recommended intervals." *Id.*  Resolving the meaning of that language, therefore, requires the use of extrinsic evidence, in particular, requires evidence of the manufacturer's recommended preventative-maintenance schedule.

To that end, both parties have submitted extrinsic evidence of manufacturer's recommended preventative-maintenance schedule.  Hitachi, for its part, offers the affidavits of two of its employees, both of whom say that Hitachi serviced Open MRI's machine in accordance with the manufacturer's recommended preventative-maintenance schedule.  *See* [Doc. 23-2, ¶ 9 ("Based on my review of [Hitachi's] service records, . . . [Hitachi] provided preventative maintenance for the MRI in accordance with the manufacturer's specifications and at the manufacturer's recommended intervals during the term of the [agreement].")]; [Doc. 29-10, ¶¶ 4-6 ("The Manufacturer's Specifications for [Hitachi's] MRI equipment do not require that any individual preventative maintenance tasks be performed on a monthly basis.").]  Hitachi also offers a "QUARTERLY [PREVENTATIVE MAINTENANCE]" checklist, *see* [Doc. 29-11], which, Hitachi says, is "consistent with the Manufacturer's Specification's" regarding preventative maintenance, [Doc. 29-10, ¶ 8.]  Notably, however, Hitachi has not offered the "applicable Manufacturer's Specifications" regarding preventative maintenance, apparently because they are found in a "confidential document proprietary to [Hitachi]."  [Doc. 29-10, ¶ 4.]

In response, Open MRI points to what it says is a Hitachi document setting out a monthly preventative-maintenance schedule.  *See* [Doc. 28-3 ("[Preventative Maintenance] will still be

-4-

Case No. 5:11-CV-847
Gwin, J.

preformed [sic] on a monthly basis . . . . Only the Data pertaining to the system and the schedule for each month need to be completed.").]³/  And Open MRI offers the testimony of its owner, Steven Powers, who negotiated the service agreement on Open MRI's behalf.  According to Powers, during the contract negotiations Hitachi told him that preventative maintenance would be performed monthly, just as it had been under their prior service agreement.  *See* [Doc. 28-2, at 45-46.]  To some extent, Hitachi's own evidence supports Open MRI's position.  James Confer, Vice President of Service for Hitachi, said in his affidavit that "[p]rior to 2006, it was [Hitachi's] practice to provide twelve (12) preventative maintenance service calls per year for [Hitachi] MRI equipment."  [Doc. 29-10, ¶ 7.]⁴/

In light of this conflicting extrinsic evidence—evidence without which the contract has no clear meaning—the Court must deny both motions for summary judgment.  At trial, the parties can present their conflicting evidence of what constitutes "Preventative Maintenance in accordance with the Manufacturer's specifications."  [Doc. 1-1.]

For these reasons, the Court denies Hitachi's motion for summary judgment and denies Open

---

³/Hitachi objects to Open MRI's suggestion that this document sets out Hitachi's preventative-maintenance schedule, pointing out that Hitachi employees have "not seen" this document before, that they "do not know who created" it, and that the document "does not appear to be a[ Hitachi] document."  [Doc. 29-10, ¶ 3.]  But Hitachi stops short of arguing that this document is not admissible for the purpose of proving Hitachi's preventative-maintenance policy.  *See* Fed. R. Civ. P. 56(c)(2).  Accordingly, the authenticity of this document is a question for the finder of fact.

⁴/Hitachi points out that Steven Powers admitted in his deposition that the MRI "only requires quarterly" preventative maintenance.  [Doc. 29-13, at 78.]  Fairly read, however, this statement is *Powers's* opinion that the machine would run properly with only quarterly maintenance, *i.e.*, that monthly maintenance is overkill.  Powers's statement tells us little, if anything, about what the *manufacturer* recommended.

Case No. 5:11-CV-847
Gwin, J.

MRI's motion for summary judgment.[5]

      IT IS SO ORDERED.


Dated:  February 6, 2012                  s/      *James S. Gwin*
                                           JAMES S. GWIN
                                           UNITED STATES DISTRICT JUDGE

---

[5] Seeing no need, the Court expresses no opinion at this time on the validity of the contract's liquidated-damages provision.